UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ATLANTA GAS LIGHT COMPANY, <br> SOUTHERN COMPANY GAS <br>   f/k/a AGL RESOURCES INC., <br><br> Plaintiffs, <br><br> v. <br><br> NAVIGATORS INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:20-cv-02441-JPH-TAB |

**ORDER ON DEFENDANT'S MOTION
FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

**I.   Introduction**

This matter is before the Court on Defendant Navigators Insurance Company's motion [Filing No. 24] for leave to maintain under seal its brief [Filing No. 23] in support of its motion to dismiss, as well as Exhibits A [Filing No. 20-1], I [Filing No. 20-2], and L [Filing No. 20-3]. These exhibits include a confidential settlement agreement [Filing No. 20-1], denial letter referencing that agreement [Filing No. 20-2], and a master service agreement [Filing No. 20-3]. For reasons stated below, Navigators' motion is denied as to its brief, and granted in part as to the exhibits. However, to the extent Navigators relies on and seeks Court interpretation of any portion of the above-referenced documents, that section shall be made publicly available.

**II.     Discussion**

Navigators seek to maintain its brief [Filing No. 23] under seal because it directly quotes and discusses a confidential settlement agreement between its named insured, USIC and Plaintiffs. [Filing No. 24-1, at ECF p. 3-4.] In addition, Navigators also wishes to seal Exhibit A (a copy of the settlement agreement) [Filing No. 20-1], Exhibit I (a copy of the denial letter Navigators sent to Plaintiffs) [Filing No. 20-2], and Exhibit L (a copy of the master locating service agreement) [Filing No. 20-3].

Navigators acknowledges the common law right of access to judicial proceedings but points out that courts may order the sealing of a document for good cause. *See, e.g., Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Thus, Navigators argues that there is good cause to maintain these documents under seal because the settlement agreement reflects the confidential terms of a settlement, the denial letter directly quotes the relevant portions of the settlement agreement, and the master locating service agreement likewise reflects confidential business information. [Filing No. 24-1, at ECF p. 4.] In addition, Navigators asserts that "society's interest in public access is not particularly strong here because the specifics of both the Settlement Agreement and the Master Locating Service Agreement, for the most part, are not relevant to this case." [Filing No. 24-1, at ECF p. 5.]

Plaintiffs filed the underlying action seeking, in part, a declaration on Navigators' duties to defend and indemnify Plaintiffs for the underlying lawsuits. Navigators cites a "small portion" of the settlement agreement as its basis for disputing Plaintiffs' status as an "additional insured" under the policy at issue. [Filing No. 24-1, at ECF p. 5.] But Navigators claims that "the overwhelming majority" of both the settlement agreement and master locating service agreement have no effect on the outcome of this case. [Filing No. 24-1, at ECF p. 5.]

Accordingly, Navigators argues that it should not be made to destroy the confidentiality its named insured, USIC, bargained for in its settlement of the claims made by the underlying Plaintiffs because Plaintiffs seek coverage under the Navigators policy.  [Filing No. 24-1, at ECF p. 5-6.]  Navigators also requests that the amount of the settlement remain fully redacted, even under seal, because it is not material to this action.  [Filing No. 24-1, at ECF p. 6.]

First Navigators' request to keep the amount of the settlement agreement fully redacted, even under seal, is granted.  This information is not material to the underlying litigation.

However, while the Court recognizes the confidential nature of settlement agreements, that alone is not enough good cause to support a request to seal such an agreement when an issue arises in subsequent litigation requiring Court interpretation of it.  *See, e.g., Goesel v. Boley Int'l*, 738 F.3d 831, 833-34 (7th Cir. 2013) ("[M]ost settlement agreements never show up in a judicial record and so are not subject to the right of public access. . . .  [F]or the most part settlement terms are of potential public interest only when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, or the settlement is sought to be enforced."); *Herrnreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002) ("A settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case and thus becomes available to the public, unless it contains information such as trade secrets that may legitimately be kept confidential."); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judgment to close proceedings if a dispute erupted about payment (or termination).").

Here, a large portion of the settlement agreement [Filing No. 20-1] and master services agreement [Filing No. 20-3] are not relevant to Navigators' motion, but sections of these agreements, as well as the denial letter [Filing No. 20-2] are integral to addressing it. Accordingly, Navigators' motion to seal is granted in part. Navigators may maintain the full settlement agreement [Filing No. 20-1], denial letter [Filing No. 20-2], and master services agreement [Filing No. 20-3] under seal. However, Navigators cites and relies on sections of these agreements in its brief [Filing No. 23] which are integral to addressing Navigators' motion to dismiss. Those portions of the exhibits are now subject to this Court's interpretation. And Navigators has not set forth any other basis for good cause to maintain those portions of the agreement under seal. *Cf. Columbia Street Partners, Inc. v. Honeywell Int'l*, No. 3:16-cv-00209-RLY-MPB, 2017 WL 8230837, at *5 (S. D. Ind. March 9, 2017) ("Where requests to seal proceedings are made based on a confidentiality agreement, they have been uniformly rejected unless another good cause exists. . . . Yet, Red Spot also argues that the agreements' terms . . . should be sealed because they [are competitively sensitive]. . . . The Court agrees with Red Spot that certain portions of these documents do contain terms that have economic value for the involved parties, but it's doubtful that the entire document is competitively sensitive. It's incumbent on the party or parties asking for a seal to justify the breadth of the seal they request." (Internal citation and quotation marks omitted)).

Navigators shall file redacted versions of Exhibits A, I, and L within 14 days of this order, redacting the portions of those documents that are not relevant to Navigators' defense, but unsealing the material portions that Navigators cites and relies on so that those sections of the exhibits are publicly available. For the same reason, Navigators' request to maintain its brief

4

[Filing No. 23] under seal is denied. The Clerk is directed to unseal Filing No. 23 after 21 days absent a motion to reconsider, appeal, or further Court order.

### III. Conclusion

In sum, Navigators' motion to seal is denied as to its brief [Filing No. 23] but granted in part as to Exhibits A [Filing No. 20-1], I [Filing No. 20-2], and L [Filing No. 20-3]. Navigators shall file a redacted version of the exhibits within 14 days of this order, redacting the portions of the exhibits that are not relevant and thus may remain under seal, but making the material portions publicly available. Finally, even in the sealed version, Navigators may fully redact the amount of the settlement.

Date: 12/11/2020

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

5