UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATLANTA GAS LIGHT COMPANY, | ) | |
| SOUTHERN COMPANY GAS | ) | |
| f/k/a Atlanta Gas Plaintiffs | ) | |
| RESOURCES INC., | ) | |
| | ) | |
| Atlanta Gas | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02441-JPH-TAB |
| | ) | |
| NAVIGATORS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS**

This case stems from a gas explosion that allegedly injured several people. Plaintiffs Atlanta Gas Light Company and Southern Gas Company allege that Defendant Navigators Insurance Company did not attempt to settle, defend, or indemnify them from suits arising from the explosion. Navigators has filed a motion to dismiss. Dkt. 19. Plaintiffs ask the Court to convert Navigators' motion to a motion for summary judgment under Federal Rule 12(d) because it relies on evidence outside the pleadings. Dkt. [32]. Navigators has also objected to the magistrate judge's case management plan. Dkt. [30].

For the reasons below, Plaintiffs' motion to convert, dkt. [32], is **DENIED**, and Navigators' objection to the case management plan, dkt. [30], is **OVERRULED**.

1

# I.
# Analysis

## A. Motion to Convert

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If "a court chooses to consider materials outside the pleadings," then it "must treat the motion as one for summary judgment" unless the materials considered are either subject to judicial notice or essential to the plaintiff's claims. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020); *see Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Navigators has moved to dismiss under Federal Rule 12(b)(7) for failure to join indispensable parties and, alternatively, under Federal Rule 12(b)(6) for failure to state a claim. Dkt. 19. Plaintiffs ask this Court to convert Navigators' motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 12(d) because it relies on extrinsic evidence. Dkt. 32. Navigators opposes the motion. Dkt. 40.

### 1.    Failure to Join Indispensable Parties

Navigators first contends that dismissal is required because indispensable parties, required to be joined by Federal Rule of Civil Procedure 19, are missing. Dkt. 19; dkt. 22 at 1, 9–13. Plaintiffs argue that joining these parties is unnecessary but have not offered grounds supporting their motion to convert Navigators' argument under 12(b)(7). Dkt. 32 at 15 n.9; dkt. 45 at 2–3.

2

Indeed, Rule 12(d) does not cover motions based on 12(b)(7), *see* Fed. R. Civ. P. 12(d) (referencing only "motion[s] under Rule 12(b)(6) or 12(c)"), and "[i]n ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence," *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001).  Therefore, Plaintiffs' motion to convert, dkt. [32], is **DENIED** as to Navigators' 12(b)(7) argument.

### 2.   Failure to State a Claim

Defendants also seek dismissal under Rule 12(b)(6) for failure to state a claim.  Dkt. 19 at 1.  "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."  *Geinosky*, 675 F.3d at 745 n.1.  In its motion to dismiss, Navigators relies on three contracts:

> (1) the Master Locating Services Agreement, dkt. 19-12; dkt. 20-3;  *see* dkt. 1 at 2–3, 5, 8;
>
> (2) Navigators' Umbrella Policy, dkt. 19-6;  *see* dkt. 1 at 5, 7, 9–13; and
>
> (3) Zurich Insurance Company's Policy, dkt. 19-5; dkt. 19-7;  *see* dkt. 1 at 7.

Since Plaintiffs' claims for breach of contract, breach of fiduciary duty, bad faith, and for a declaration of their right to insurance coverage cite and rely on these contracts, *see* dkt. 1, they are "critical" to Plaintiffs' claims, and the Court may consider them with Navigators' 12(b)(6) motion.  *See, e.g.*, *Balkamp,*

*Inc. v. Harbor Indus., Inc.*, No. 1:20-CV-1141-JMS-MJD, 2020 WL 4734795, at *4 (S.D. Ind. Aug. 14, 2020) (holding defendant "entitled to attach" contract documents because they "were referenced in the Complaint" and were "critical to Plaintiffs' claims").

The Court may take judicial notice of the state-court filings cited by Navigators. *See* dkt. 19-2 (complaint); dkt. 19-3 (complaint); dkt. 19-4 (complaint); dkt. 19-10 (Plaintiffs' previous complaint); dkt. 19-11 (Plaintiffs' previous notice of voluntary dismissal); *see Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts").

To the extent that Navigators' motion to dismiss under Rule 12(b)(6) relies on other attached exhibits, *see* dkt. 20-1 (sealed third-party settlement agreement); dkt. 20-2 (sealed letter); dkt. 19-8 (letter from counsel), the Court will not consider them. These attachments are extrinsic evidence, and Navigators has not shown that they are "essential" to Plaintiff's complaint or subject to judicial notice. *See* Fed. R. Civ. P. 12(d) (allowing Court to "exclude[]" "matters outside the pleadings"); *Graham v. Malone Staffing Georgia, LLC*, No. 1:15-CV-1027-SEB-DKL, 2015 WL 12977451, at *1 (S.D. Ind. Oct. 22, 2015) (stating that the Court may exclude "extra-pleading submissions").

Although the parties agree that the third-party settlement agreement is important to some of Navigators' arguments, *see* dkt. 32 at 11–12; dkt. 40 at 11–13, that does not make it essential to Plaintiffs' complaint. Instead, Navigators' argument based on the settlement agreement is an affirmative

defense, *see* Fed. R. Civ. P. 8(c) (citing defenses for "release" and "waiver"), which "may be the basis for dismissal for failure to state a claim depend[ing] on whether the allegations in the complaint suffice to establish that ground," *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (noting that "a plaintiff need not anticipate or overcome affirmative defenses" in its complaint). Plaintiffs' allegations do not suffice to establish Navigators' affirmative defense based on the settlement agreement, so the Court will not consider the settlement agreement when addressing Navigators' motion to dismiss.

Because some of Navigators' attachments can be considered at the motion-to-dismiss stage and the others will be excluded when resolving the motion, the Court **DENIES** Plaintiffs' motion to convert. Dkt. [32].

### B. Objection to Case Management Plan

Navigators asks the Court to overrule Magistrate Judge Baker's case management plan, arguing that discovery should be stayed until resolution of its motion to dismiss. Dkt. 30; *see* dkt. 27 (Case Management Plan).

When a "district judge rules on a discovery matter based on an appeal from a magistrate judge's decision, the judge's discretion is constrained: A district judge may reverse a magistrate judge's discovery ruling only when it is 'clearly erroneous or contrary to law.'" *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016) (quoting 28 U.S.C. § 636(b)(1)(A)); *see* Fed. R. Civ. P. 72(a). An order is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy*

*Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC*, No. 1:13-cv-00133-RLY-DKL, 2014 WL 6674757, *2 (S.D. Ind. Nov. 25, 2014).

Navigators points to cases in which Magistrate Judges stayed discovery pending a motion to dismiss but cites no case law from the Seventh Circuit or this district showing that discovery must be stayed. *See* dkt. 30 at 4–5, 7–8, 11–12.  Therefore, Navigators has not shown that the magistrate judge's order was "clearly erroneous" or "contrary to law," so its objection to the case management plan is **OVERRULED**.

## II.
## Conclusion

For the reasons discussed above, Plaintiffs' motion to convert defendant's motion, dkt. [32], is **DENIED**.  Plaintiffs shall have until **May 5, 2021** to respond to the Navigators' motion to dismiss, and Navigators shall have until **May 12, 2021** to reply.

Navigators' objection to Magistrate Judge Baker's case management plan, dkt. [30], is **OVERRULED**.

**SO ORDERED.**

Date: 4/19/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Christopher Bechhold
THOMPSON HINE & FLORY
chris.bechhold@thompsonhine.com

Seth Michael Friedman
LEWIS BRISBOIS BISGAARD & SMITH, LLP
seth.friedman@lewisbrisbois.com

Gary M. Glass
THOMPSON HINE & FLORY
gary.glass@thompsonhine.com

Anthony J. Hornbach
THOMPSON HINE LLP
tony.hornbach@thompsonhine.com

Siobhan M. Murphy
LEWIS BRISBOIS BISGAARD & SMITH, LLP (Chicago)
siobhan.murphy@lewisbrisbois.com