UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ATLANTA GAS LIGHT COMPANY, SOUTHERN COMPANY GAS f/k/a AGL RESOURCES INC., <br><br> Plaintiffs, <br><br> v. <br><br> NAVIGATORS INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) No. 1:20-cv-02441-JPH-TAB ) ) ) ) ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court previously dismissed AGL's claims for breach of contract, breach of fiduciary duty, and breach of good faith as to Navigators' failure to attend and represent AGL at a 2019 mediation. AGL now asks the Court to reconsider its dismissal of those claims based on evidence that was recently disclosed. Dkt. [89]. For the reasons that follow, that motion is **DENIED**.

**I.
Facts and Background**

In November 2013, AGL hired the United States Infrastructure Corporation, an Indiana-based corporation, to locate and mark gas lines in Georgia. *Id.* at 2–3, 5 (Compl. ¶¶ 7, 20). As required by their contract, USIC carried primary and umbrella insurance policies, which included AGL as an insured. Dkt. 1 at 2–3 (Compl. ¶ 7); *see* dkt. 20-3 at 18, 19, 34. Navigators issued USIC's Umbrella Policy. Dkt. 1 at 5–7 (Compl. ¶¶ 20–21).

In August 2018, a pipeline-boring company hired USIC "to locate and mark [AGL's] underground gas lines" in Homerville, Georgia. *Id.* at 3 (Compl.

1

¶¶ 9–10). USIC did not properly mark AGL's gas mains. *See id.* at 3–4 (Compl. ¶ 11). As a result, the boring company struck one of AGL's gas mains, causing the release of natural gas into a neighboring sewer line. *Id.* at 4–5 (Compl. ¶¶ 13–14, 19). This natural gas leak ultimately caused an explosion at a nearby café, injuring three people—Anna O'Guin, Baylee Tolle, and Emily Tolle ("Injured Parties"). *Id.* (Compl. ¶¶ 17–19).

Before any lawsuit was filed, the Injured Parties' counsel scheduled a mediation with the relevant companies for November 6–7, 2019. *Id.* at 8 (Compl. ¶¶ 22–23). AGL notified Navigators of the mediation and asked it to protect AGL's interests and settle all claims against it. *Id.* at 8–9 (Compl. ¶¶ 24, 26). Navigators did not respond to this request, attend the mediation, or settle the Injured Parties' claims against AGL. *Id.* at 9 (Compl. ¶ 27). The Injured Parties and USIC reached a settlement agreement that released USIC and its insurers "from all liability with respect to" the accident. Dkt. 22 at 4; dkt. 20-1 at 3 ¶ 5.

In December 2019, the Injured Parties sued AGL in Georgia state court. Dkt. 1 at 9 (Compl. ¶ 28). AGL tendered the lawsuits to Navigators for defense and indemnification. *Id.* (Compl. ¶ 29). Navigators disclaimed all coverage, saying that the settlement agreement between USIC and the Injured Parties absolved it of any duty to defend or indemnify AGL. *Id.*; *see* dkt. 20-1.

In September 2020, AGL brought this case against Navigators, seeking a declaratory judgment of the parties' rights and duties under the Umbrella Policy and alleging breach of contract, breach of fiduciary duty, and dealing in

2

bad faith. Dkt. 1 at 10–13 (Compl. ¶¶ 31–44). Navigators moved to dismiss the claim, which was partially granted in October 2021. Dkt. 59. The Court:

- Dismissed AGL's breach of contract claim stemming from Navigators' failure to attend the mediation because AGL's complaint did not allege that the underlying policy had been exhausted before the mediation. So Navigators, as an umbrella insurer, did not yet have a duty to defend under the policy language. *Id.* at 15–16.

- Dismissed AGL's breach of good faith and fiduciary duty claim for failing to attend the mediation as "it's unlikely that the Indiana Supreme Court would hold" that an umbrella insurer could act in bad faith "before the underlying policy's coverage was exhausted and thus before its contractual obligations began." *Id.* at 16–18.

As discovery proceeded, AGL moved to compel Navigators to produce the the unredacted version of its claim file regarding claims from the Homerville explosion. Dkt. 65. After an *in camera* review of the claim file, Magistrate Judge Baker granted the motion to compel and ordered production of the unredacted claim file. Dkt. 84. Based on this new evidence, AGL moved for reconsideration of the Court's partial grant of Navigators' motion to dismiss. Dkt. 89.[1]

---

[1] AGL's filing was made under seal. *See* dkts. 89, 91. The Court's ruling does not touch upon the sealed aspects of AGL's motion, so this Order solely quotes from the redacted version of its filing, dkt. 90.

## II.
## Applicable Law

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see* Fed. R. Civ. P. 54(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments," or for introducing evidence or arguments "that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269. Newly discovered evidence must have been (1) unknown to the party until after the decision and (2) unable to be discovered with reasonable diligence prior to the decision. *Id.* at 1269–70.

## III.
## Analysis

The Court granted Navigators' motion to dismiss AGL's claim that Navigators breached the Umbrella Policy by failing to attend the 2019 mediation because "AGL's complaint does not allege or argue that the underlying policy had been exhausted." Dkt. 59 at 15–16. It also dismissed AGL's breach of fiduciary duty and good faith claim, as "it's unlikely that the Indiana Supreme Court would hold that AGL's allegations can support bad faith . . . before the underlying policy's coverage was exhausted." *Id.* at 16–18.

AGL bases it motion to reconsider on its receipt of Navigators' unredacted claim file, which AGL describes as showing that Navigators was "well aware in advance of the mediation that the underlying Zurich policy limits would be exhausted." Dkt. 90 at 4. AGL argues that, because of this, the Court should

4

reconsider its Order which dismissed portions of AGL's claims. *Id.* Navigators responds that the unredacted claims file does not show that it knew the underlying policy limits would be tendered at the mediation and therefore does not support reconsideration. *See* dkt. 95 at 1–2.

AGL correctly describes the unredacted claim file as "newly discovered" evidence because it was only recently disclosed after Magistrate Judge Baker ordered Navigators to produce it. *See* dkt. 84. Therefore, the content of the unredacted claims file was both (1) unknown until after the Order was decided and (2) unable to be discovered with reasonable diligence before the Order was handed down. *See Caisse Nationale*, 90 F.3d at 1269–70.

Although newly discovered, the unredacted claim file is not a basis for the Court to reconsider and modify its ruling on Navigators' Rule 12(b)(6) motion to dismiss. A Rule 12(b)(6) motion only tests the sufficiency of a complaint. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). In evaluating a motion to dismiss under Rule 12(b)(6), a court may refer only to "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Here, since the unredacted claim file was newly discovered, it was not attached to the complaint, referred to in the complaint, or subject to proper judicial notice. *See* dkt. 1. The Court therefore could not have considered the documents from that file in evaluating the sufficiency of the Complaint when it originally ruled on Navigators' Rule 12(b)(6) motion to

5

dismiss, and it cannot use them now to test the sufficiency of Complaint as AGL requests.

AGL also contends the allegation in its Complaint that Navigators failed to "otherwise protect AGL's interests as an additional insured" is sufficiently broad to encompass claims for breach of contract and bad faith based on Navigators' failure to act when it knew the underlying policy was going to be exhausted. *See* dkt. 90 at 7 n.2 (citing dkt. 1 at 28 (Compl. ¶ 28)). But that allegation does not remedy the deficiency in the Complaint: it does not allege "that the underlying policy had been exhausted." Dkt. 59 at 15–16. Since that deficiency remains, the motion for reconsideration is **DENIED**.

If AGL believes that the unredacted claim file supports new allegations relevant to the dismissed claims, it may seek leave to file an amended complaint. Fed. R. Civ. P. 15(a); *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987) ("The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence."); *Tecnomatic, S.P.A. v. Remy, Inc.*, 954 F. Supp. 2d 860, 867 (S.D. Ind. 2013). But a footnote in its motion to reconsider, dkt. 90 at 7 n.2, is not the proper way to do so.[2] S.D.

---

[2] AGL cites "Civ. R. 15(B);" Federal Rule of Civil Procedure 15(a)(2) allows parties to amend their pleadings before trial.

Ind. Local Rule 15-1 requires the movant to include "as attachments the signed proposed amended pleading and a proposed order."

## IV.
## Conclusion

AGL's motion for reconsideration, dkt. [89], is **DENIED**.  Any motion for leave to amend the complaint **must be filed by January 13, 2023**.  If such a motion is filed, any response **must be filed by January 20, 2023**, and any reply **by January 25, 2023**.  The Court does not anticipate any extensions to these deadlines.

**SO ORDERED.**

Date: 12/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

Christopher Bechhold
THOMPSON HINE & FLORY
chris.bechhold@thompsonhine.com

Seth Michael Friedman
LEWIS BRISBOIS BISGAARD & SMITH, LLP
seth.friedman@lewisbrisbois.com

Gary M. Glass
THOMPSON HINE & FLORY
gary.glass@thompsonhine.com

Anthony J. Hornbach
THOMPSON HINE LLP
tony.hornbach@thompsonhine.com

Siobhan M. Murphy
LEWIS BRISBOIS BISGAARD & SMITH, LLP (Chicago)
siobhan.murphy@lewisbrisbois.com