UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ATLANTA GAS LIGHT COMPANY, | ) | |
| SOUTHERN COMPANY GAS | ) | |
|    f/k/a AGL RESOURCES INC., | ) | |
| | ) | |
|                Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02441-JPH-CSW |
| | ) | |
| NAVIGATORS INSURANCE COMPANY, | ) | |
| | ) | |
|                Defendant. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

After a gas explosion severely injured three people, an insurance coverage dispute arose between a utility company, Atlanta Gas Light Company, and an umbrella insurance provider, Navigators Insurance Company. AGL contended that Navigators breached its insurance policy, acted in bad faith, and violated its fiduciary duty by denying it coverage. Navigators filed a motion for summary judgment on these claims, dkt. 107, which the Court granted on the bad faith and fiduciary duty claims and denied on AGL's breach of contract claim, dkt. 131. Navigators has filed a motion for reconsideration on the breach of contract claim, arguing that the Court incorrectly applied the Indiana Court of Appeal's decision in *Scottsdale Insurance Company v. Harsco Corporation*, 199 N.E.3d 1210 (Ind Ct. App. 2022). Dkt. [133]. For the reasons below, that motion is **DENIED**.

1

# I.
# Facts and Background

AGL had a long-term contract with the United States Infrastructure Corporation (USIC), an Indiana-based company, to locate and mark gas lines in Georgia.  *See* dkt. 113-2 (Master Locating Services Agreement).  The Master Locating Services Agreement required USIC to have primary and excess liability insurance policies that included AGL as an "additional insured."  Dkt. 113-2 at 19.

In August 2018, USIC was locating gas lines in Homerville, Georgia but did not properly mark one of AGL's lines.  Dkt. 113-3 at 4–5 (Byrd Report at 4).  Boring equipment struck that gas line, causing the release of natural gas into a neighboring sewer line.  Dkt. 89-1 at 22.  This gas leak caused an explosion at a nearby café, severely injuring three people ("Injured Parties").  *Id.* at 4.  USIC and the Injured Parties reached a settlement in which the Injured Parties released USIC from liability with respect to the accident.  Dkt. 20-1 at 3.  The Injured Parties then sued AGL in Georgia state court ("Underlying Lawsuits").  *See* dkts. 19-2, 19-3, 19-4.  In the Underlying Lawsuits, the plaintiffs' claims are based on AGL's own conduct, rather than USIC's conduct.  *Id.*

AGL tendered the Underlying Lawsuits to Navigators—which had issued USIC's excess policy ("Umbrella Policy")—for defense and indemnification.  Dkt. 65-1 at 108–11; *see* dkt. 19-6 at 5–7.  The Umbrella Policy provides excess

coverage to "the insured" under USIC's Primary Policy, dkt. 19-6 at 5–7, which defines "the insured" as including:

> [A]ny person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf,
>
> in the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard", which is the subject of the written contract or written agreement.
>
> However, the insurance afforded to such an additional insured:
>
> 1. Only applies to the extent permitted by law; and
> 2. Will not be broader than that which you are required by the written contract or written agreement to provide such additional insured.

Dkt. 19-7 at 2. "You" and "your," in this context, refer to USIC. *See* dkt. 113-4 at 8.

Navigators eventually denied AGL all coverage. Dkt. 20-2. In its denial letter, Navigators stated that AGL would be an "additional insured" covered by the policy only "with respect to liability for 'bodily injury' . . . caused in whole or in part by [USIC's] acts or omissions." *Id.* Since the Injured Parties' Underlying Lawsuits were "based *solely* and exclusively upon AGL's own

3

conduct," without "alleg[ing] *any* wrongdoing by USIC," Navigators concluded that it had no obligation to defend or indemnify AGL. *Id.*

AGL then filed this suit against Navigators, alleging that Navigators (1) breached the Umbrella Policy; (2) breached its fiduciary duty; and (3) acted in bad faith. Dkt. 1. AGL sought a declaratory judgment and damages. *Id.* at 13–14. The Court granted Navigators' motion for summary judgment on AGL's bad faith and breach of fiduciary duty claims and denied summary judgment on AGL's breach of contract claim. Dkt. 131. Navigators has moved for reconsideration of the summary judgment denial on the breach of contract claim. Dkt. 133.

## II.
## Reconsideration Standard

A party may move for reconsideration of a non-final order under Federal Rule of Civil Procedure 54(b). *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Manifest errors exist when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Manifest error may also be shown when the court engaged in "wholesale disregard, misapplication, or failure to recognize

controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269–70.

### III.
### Analysis

Navigators argued that it was entitled to summary judgment on AGL's breach of contract claim because AGL does not qualify as an "additional insured" under USIC's Primary Policy since the Underlying Lawsuits assert claims against only AGL, and not USIC. Dkt. 108 at 11–16 (contending that "coverage to AGL as additional insureds is limited to the extent that USIC is liable"). The Court rejected that argument because, under the plain text of the "additional insured" provision, USIC did not have to face liability for AGL to be an additional insured. Dkt. 131 at 9–10. Instead, "AGL is an additional insured under the Primary Policy—and therefore covered by the Umbrella Policy—if USIC was required to add it as an additional insured (which no one disputes) and the Injured Parties' injuries were 'caused, in whole or in part,' by USIC."[1] *Id.* at 10 (relying on *Travelers Cas. & Sur. Co. v. Elkins Constructors,*

---

[1] Navigators argues for the first time in its reconsideration briefs that the question under the policy language is whether USIC caused AGL's liability rather than caused the Injured Parties' "bodily injury." Dkt. 133-1 at 1–2; dkt. 137 at 1–2. This argument is waived on reconsideration. *Caisse Nationale*, 90 F.3d at 1270 ("Reconsideration is not the appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion."). Even if this argument were properly presented, Navigators does not explain why its new reading is the better interpretation

5

*Inc.*, No. IP 97-1807-C-T/G, 2000 WL 724006, at *2 (S.D. Ind. May 18, 2000) (Tinder, J.)). The Court thus concluded that causation—rather than USIC's liability—is what matters under the policy language. *Id.* at 10–11 (citing *Scottsdale Insurance Company v. Harsco Corporation*, 199 N.E.3d 1210, 1215–16 (Ind Ct. App. 2022)).

Navigators seeks reconsideration, arguing that the Court misapplied *Scottsdale* and therefore erred in denying summary judgment on AGL's breach of contract claim. Dkt. 133-1. AGL responds that Navigators' motion "is nothing more than a rehash of arguments" and that its reliance on *Scottsdale* "conflates the issue of *causation* with *liability*." Dkt. 134.

While *Scottsdale* was decided after summary judgment briefing was complete, the Court must apply relevant law regardless of whether "the briefs cover everything worth considering." *Hampton v. Wyant*, 296 F.3d 560, 565 (7th Cir. 2002) ("There is no federal entitlement to have a case decided strictly on the basis of precedent cited to the tribunal."). Moreover, as the summary judgment order explained, *Scottsdale* didn't break new ground but followed the majority view that broadly construes "additional insured" provisions. Dkt. 131 at 10–12. Navigators therefore has not shown a manifest error of law. *See Caisse Nationale*, 90 F.3d at 1269.

Nevertheless, Navigators argues that *Scottsdale* supports summary judgment on AGL's breach of contract claim because USIC cannot be liable in

---

of the policy language or why it would matter since the settlement agreement that Navigators relies on did not release AGL from liability. *See* dkt. 133-1 at 1-2.

6

the Underlying Lawsuits under a liability release from a separate settlement. Dkt. 133-1 at 8–9.  This argument, however, continues to focus on liability instead of causation—which the Court already rejected in its summary judgment order.  Dkt. 131 at 11–13 ("[T]he relevant policy provisions determine the additional insureds based on whether USIC caused the injuries giving rise to the Injured Parties' damages, not whether USIC may be held liable for those damages.").  Indeed, *Scottsdale* confirms that causation rather than liability is what matters.  There, the primary insured was not contractually released from liability, but had been judicially determined to be "0% responsible" for the accident at issue.  199 N.E.3d at 1215, 1220.  With no responsibility for the accident, the primary insured could not have proximately caused it.  *Id.*  Here, by contrast, the settlement agreement that released USIC from liability was not a legal determination but instead said that it "does not and shall not constitute an admission by any party or person of any fact or conclusion of law."  Dkt. 131 at 11 (quoting dkt. 20-1 at 2).  The release of liability therefore is not a "determination that USIC did not cause the Injured Parties' damages," and without such a legal determination, *Scottsdale* does not help Navigators.  *Id.*

In short, Navigators' motion for reconsideration repeats its previous arguments and has not shown that the Court misapplied precedent. Reconsideration is therefore inappropriate.  *See Oto*, 224 F.3d at 606.

## IV.
## Conclusion

Navigators' motion for reconsideration of the denial of summary judgment on AGL's breach of contract claim is **DENIED**.  Dkt. [133].

7

Case 1:20-cv-02441-JPH-CSW   Document 146   Filed 05/08/24   Page 8 of 8 PageID #: 1858

**SO ORDERED.**

Date: 5/8/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel